# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| NANCY BARRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV-00-PT-0931-M |
| ) | |
| WOMEN'S HEALTH CARE ) | |
| PROFESSIONALS, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTERED**
**DEC 27 2000**

## MEMORANDUM OPINION

This cause comes to be heard upon defendant Women's Health Care Professionals, Inc.'s ("defendant") Renewal of Motion for Summary Judgment filed on November 16, 2000.

## FACTS

To save time and space, this court incorporates by reference the statement of facts in its prior Memorandum Opinion, dated August 3, 2000.

## PROCEDURAL HISTORY

Plaintiff Nancy Barron ("plaintiff") filed her complaint on April 10, 2000, alleging that the defendant had discriminated against her in violation of the Americans with Disabilities Act ("ADA") when it refused to transfer her from her position as chart filing clerk to one of several vacant receptionist positions. On May 8, 2000, the defendant filed a motion to strike a portion of the plaintiff's complaint and a motion to dismiss. Two days later, on May 10, 2000, this court set a scheduling order for the filing of briefs, affidavits, and other materials relating to the defendant's motion to strike and to dismiss. This court subsequently amended the May 10 order,

1

31

on May 15, 2000, to convert the motion to dismiss into a motion for summary judgment, and revised the submission schedule in accordance therewith. The next day, on May 16, 2000, this court entered a standard scheduling order for Rule 26 information and discovery. On July 24, 2000, the plaintiff filed a motion to extend the deadlines set by the May 15, 2000 order, which this court granted on June 27, 2000. Pursuant to the amended submission order, the summary judgment submission schedule would have resulted in the motion's submission to this court on December 11, 2000.

However, in spite of the amended submission order, this court issued a Memorandum Opinion and Order on August 3, 2000, granting the defendant's motion for summary judgment and dismissing the action with prejudice. The plaintiff submitted a motion for this court to set aside the August 3 Memorandum Opinion and Order in light of its June 27 submission order. The August 3 Memorandum Opinion and Order were, accordingly, set aside on August 9, 2000, and the case was reopened.

After additional discovery, the defendant renewed its motion for summary judgment on November 16, 2000. The defendant argues that, after discovery has been completed, the plaintiff has failed to create any more of a genuine issue of material fact as to any part of her prima facie case than she had created at the time of the first Memorandum Opinion. Specifically, the defendant argues that, as a matter of law, the plaintiff was not "disabled" within the meaning of the ADA, and was not "otherwise qualified" for the positions to which she claims that she should have been transferred. The defendant also argues that the plaintiff has not presented sufficient evidence to create a genuine issue of fact as to whether the defendant refused to transfer her to the positions because of her alleged disability.

## THE AUGUST 3, 2000 MEMORANDUM OPINION

In the August 3 Memorandum Opinion, this court concluded that the plaintiff had not produced sufficient evidence to create a genuine issue of fact as to the last two prongs of the ADA prima facie case: (1) that she was qualified for the positions that she sought; and (2) that the defendant refused to employ her in the positions that she sought because of her alleged disability. Memo Op. at 13-14. Because of the murkiness of the issue of whether the plaintiff's evidence showed that, at the time that the challenged actions were taken, she was disabled within the meaning of the ADA, this court declined to resolve it. Memo Op. at 10. Instead, it concluded that the lack of factual issues as to the other two prongs required dismissal of the action. Id. Specifically, this court concluded that the plaintiff was not qualified for the challenged positions because she could not show that she could have performed the essential duties of the positions, and, further, because "it is abundantly clear . . . that the defendant did not fail to transfer Barron . . . because of her disability, but rather because of her prior work record in similar positions." Memo Op. at 13-14.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment is to be granted if there is no genuine issue of material fact. United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. The evidence of the non-moving party is to be believed, and the court is not to attempt to perform jury functions such as credibility determinations. Id. After considering everything in the record, all permissible inferences are to be drawn in favor of the non-moving party. Clinkscales v. Chevron USA, Inc., 831 F.2d 1565, 1570 (11th Cir. 1987).

When the non-moving party has the burden of proof at trial, it must come forward with

3

sufficient evidence on each element that must be proved. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be proper. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986). Summary judgment is appropriate if on any element there would be insufficient evidence to require submission of the case to a jury. Earley, 907 F.2d at 1080. "The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such circumstances, there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 327 106 S. Ct. 2548, 2555 (1986).

## ARGUMENT

**The prima facie case**

In its renewed Motion for Summary Judgment, the defendant argues that the plaintiff has, since the August 3 Memorandum Opinion, raised no additional substantive question of fact in this case. The court will analyze the parties' arguments with respect to each prong of the prima facie case separately.

Disability

The defendant argues that the issue of whether the plaintiff was disabled at the time of the challenged actions is still "doubtful." Its argument with regard to this difficult issue is somewhat truncated, perhaps because of this court's refusal to resolve it in the August 3 memorandum opinion, and because of the defendant's argument that it deserves an award of

4

summary judgment based on the other two prongs of the prima facie case. The plaintiff has provided a more extensive argument with regard to the disability issue. Again, however, this court declines to resolve the disability question.

<u>Qualification for the positions</u>

The defendant argues that, after complete discovery, the plaintiff still cannot show that she was qualified for the positions that she sought. Specifically, the defendant argues that the plaintiff has introduced no evidence to show that she adequately could fulfill the duties of positions that involve patient contact. In support of its argument, the defendant points to the extensive list of complaints about the plaintiff's behavior toward patients that caused the defendant to transfer the plaintiff, in 1995, from her position as medical records clerk, a position with much direct contact with patients, to that of chart filing clerk, a job with limited patient contact. This court has adequately summarized the list of complaints, instructions, and reprimands that the plaintiff has received in the August 3 Memorandum Opinion. Memo Op. at 1-2, 12-13, n5. All of them relate to the plaintiff's communication with the defendant's patients. Most of them directly involve the plaintiff's behavior on the telephone and in the reception area. The positions that the plaintiff claims that she should have been given all involve direct employee/patient contact.

The plaintiff disputes the legitimacy of many of the reprimands, some of which occurred as early as February 1991. She claims that the reprimands were based on "hearsay," and that all but the first reprimand are undocumented. She points to other job evaluations in which she was praised for her organizational skills, training skills, and adaptability to various non-medical job descriptions. She also points to various times in which she has satisfactorily "filled in" for absent receptionists. Throughout her arguments disputing her disciplinary record, the plaintiff

5

suggests that the reprimands were fabricated because of personal hostility between herself and the office administrator, Carol Carlisle.[1]

The plaintiff next affirmatively argues that she was qualified for the positions that she sought. She argues that she has presented evidence to show that she possessed the skills necessary to perform each job. The plaintiff again points to her satisfactory job evaluations and the occasions in which she was allowed to have direct contact with the patients as a temporary receptionist. She notes that the number of reprimands that she received had dwindled in the years immediately before her termination.

<u>Discriminatory intent v. unlawful discrimination</u>

The defendant next argues that the plaintiff cannot show that it behaved with discriminatory intent. It maintains that the plaintiff was not transferred to the positions that she requested for the very reason that she was initially transferred to the file clerk position– to keep her away from regular contact with the patients because of her seeming inability to refrain from inappropriate behavior. The defendant contends that, under the ADA, it is only required to provide reasonable accommodation in the form of a reassignment to another position if the employee is "otherwise qualified" for that position. It argues that, because it has shown that, in light of her disciplinary record, the plaintiff was unqualified for the positions in which contact with patients was an essential function, its refusal to transfer the plaintiff to those positions was not based on her alleged disability. The defendant argues further that the fact that Carol Carlisle held the plaintiff's job open for her from mid-1998 until 1999, when the plaintiff unequivocally

---

[1] This court notes that evidence that personal hostility and dislike were a motivation for disciplinary action, especially when the action was taken before the plaintiff alleges that she became disabled, does not necessarily demonstrate discriminatory animus. See <u>Succar v. Dade County Sch. Bd.</u>, 229 F.3d 1343, 1345 (11th Cir. 2000)(personal animosity not equivalent of discrimination).

6

stated that she could not return to the file clerk position, weighs against an inference of personal hostility as well as discriminatory animus. The defendant also notes that the fact that the number of disciplinary actions taken against the plaintiff had dwindled prior to her termination indicates that the reassignment to the file clerk position accomplished the defendant's objective to limit her contact with the patients. The defendant concludes that the only reasonable inference in this case is that its motivation in refusing to accommodate the plaintiff in the manner in which she requested was "well grounded in [the plaintiff's] own work history."

The plaintiff, however, argues that she is not required to show that the defendant intended to discriminate against her because of her disability. She contends that, for purposes of the prima facie case, by showing that the defendant refused reasonably to accommodate her disability by transferring her to a less physically strenuous position when it had the opportunity to do so, she has demonstrated unlawful discrimination. According to the plaintiff, in reality, her arguments and the defendant's arguments are basically the same under both the "unlawful discrimination" test and the "otherwise qualified" test. The plaintiff characterizes the defendant's argument under this prong as stating that the plaintiff was unqualified for the positions and, therefore, its refusal to transfer her to them does not amount to unlawful discrimination in the form of refusal reasonably to accommodate her disability. The plaintiff herself argues that, because the evidence shows that she was qualified for the positions, the defendant's refusal to transfer her to one of them demonstrates its failure reasonably to accommodate her disability, and, thus, its unlawful discrimination against her.

The plaintiff misstates the law. The prima facie case of discrimination under the ADA requires the plaintiff to show that the employer made its decisions based, at least in part, on the employee's disability. In Farley v. Nationwide Mutual Insurance Co., 197 F.3d 1322, 1334

(11th Cir. 1999), the Eleventh Circuit stated that "The ADA requires that a plaintiff prove by a preponderance of the evidence that she was discriminated against 'because of' her disability. We unambiguously have held that the ADA's 'because of' causation language is defined as 'a factor that made a difference in the outcome.'" See also Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000); Earl v. Mervyns, Inc., 207 F.3d 1361, 1365 (11th Cir. 2000). The Farley court went on to characterize this requirement as a "but-for" requirement; the plaintiff must show that "but for" her disability, the defendant would not have taken the challenged action. Id. The plaintiff's disability need not be the sole motivating factor, but it must be "determinative." Id.

## CONCLUSION

Without deciding whether the plaintiff's evidence demonstrates personal dislike between Carol Carlisle and the plaintiff, this court concludes that the plaintiff has proffered absolutely no evidence that the defendant refused to transfer her to any of the requested positions because of her disability. The court adheres to its conclusions in its August 3, 2000 Memorandum Opinion. Compare Cash v. Smith, 231 F.3d 1301 (11th Cir. 2000). The defendant's Renewed Motion for Summary Judgment is Granted.

This 26TH day of December 2000

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE